NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

KATIE BOONTHONG,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-3921

D.C. No.
2:23-cv-01569-GJL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted July 11, 2025[**]
Seattle, Washington

Before: PAEZ and SANCHEZ, Circuit Judges, and SELNA, District Judge.[***]

Katie Boonthong ("Boonthong") appeals the district court's judgment

affirming the Commissioner of Social Security's denial of her application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1]  We review de novo a district court's order affirming the denial of Social Security benefits by an administrative law judge ("ALJ").  *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).  We may only "set aside a denial of Social Security benefits [] when the ALJ decision is 'based on legal error or not supported by substantial evidence in the record.'"  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).  Boonthong challenges the ALJ's analysis at the fifth and final step of the sequential evaluation process for disability determinations.  *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).  We affirm.

1.      At step five, after the ALJ has assessed the claimant's residual functional capacity ("RFC") and determined that the claimant cannot perform past relevant work, "the burden shifts to the agency to prove that 'the claimant can perform a significant number of other jobs in the national economy.'"  *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)).  Boonthong argues that the ALJ erred because the jobs he identified at step five do not exist in significant numbers, as demonstrated by the alternate job number estimates that her attorney

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

submitted to the Appeals Council.[2] The agency has a "general duty to clarify and develop the record," and it violates that duty when it fails to address a "vast discrepancy" between a vocational expert's job numbers and those presented by the claimant. *White v. Kijakazi*, 44 F.4th 828, 836 (9th Cir. 2022) (citations omitted). The duty to address such evidentiary discrepancies, however, "arises only where the purportedly inconsistent evidence is both significant and probative, as opposed to 'meritless or immaterial.'" *Wischmann*, 68 F.4th at 505 (quoting *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022)).

Here, the evidence submitted to the Appeals Council is not sufficiently probative to warrant remand.[3] The alternate job estimates and supplemental letter submitted by Boonthong's attorney do not "establish that the attorney replicated a methodology that was set forth by the [vocational expert] at the hearing." *Id.* at 507. A finding of probativeness largely relies on whether the new evidence "was produced using a data source and methodology frequently relied on by the [agency]." *White*, 44 F.4th at 837. Boonthong's attorney asserted that the alternate estimates all originated from Job Browser Pro software. The vocational expert,

---

[2] Because the Appeals Council considered and made the evidence of alternate job number estimates part of the record, that evidence must be considered by this court. *See Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023).

[3] "The Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005) (citing 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 404.950(c), 416.1450(c)).

however, testified that he used the lower of the two job number estimates he obtained from Job Browser Pro and OASYS, the latter of which calculates numbers at a higher level of sophistication. Further, Boonthong's attorney did not supplement the alternate estimates with "information about what queries were entered into the computer program, what variables were changed, or what filters were applied to the data," other than the corresponding year and Dictionary of Occupational Titles code for each of the three relevant jobs. *Wischmann*, 68 F.4th at 507. Because Boonthong's attorney failed to demonstrate that she replicated the vocational expert's methodology, the alternate estimates for the three jobs identified by the ALJ at step five are not probative. Therefore, substantial evidence supports the ALJ's decision at step five, and the ALJ was not required to resolve the alleged inconsistency between the alternate estimates and the job numbers determined by the vocational expert. *See id.*

2.      Boonthong also argues that the ALJ erred at step five by failing to resolve a purported inconsistency between the RFC limiting her to jobs with simple instructions, and tasks and the reasoning level associated with the food and beverage clerk and the document preparer jobs. Because the agency was not required to consider Boonthong's alternate job number estimates in the step five analysis, and Boonthong does not argue that the RFC is inconsistent with the reasoning level for the printed circuit board inspector job, we need not address this

4                                                    24-3921

argument.

**AFFIRMED.**